BINGHAM MCCUTCHEN LLP
James G. Snell (SBN 173070)
james.snell@bingham.com
Heather Shook (SBN 268716)
heather.shook@bingham.com
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: 650.849.4400
Facsimile: 650.849.4800

Attorneys for Defendant
Quicken Loans, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISON

CV12-00560 GAF(VBKx)

BRUCE RORTY,

    Plaintiff,

    v.

Quicken Loans, Inc., a Michigan
Corporation, GO APPLY LLC, a Nevada
LLC; LEADPOINT, Inc., a Delaware
corporation, sued as Doe 27; JSB
GLOBAL SERVICES, a business
organization, form unknown, sued as Doe
28; DEBT DEFENSE SERVICES, LLC, a
Maryland LLC, sued as Doe 51; and
DOES 1 to 100,

    Defendants.

**NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28
U.S.C. §§ 1331, 1441, & 1446**

Complaint Filed: August 8, 2011

A/74714205

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

      **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441, & 1446, Defendant Quicken Loans, Inc. ("Quicken Loans") removes the state court action described below (the "Action") from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California.[1]  Quicken Loans removes this Action on the ground that the United States District Court for the Central District of California (the "Court") has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331.

## THE REMOVED STATE COURT ACTION

    1.    On August 8, 2011, Plaintiff filed a complaint captioned *Bruce Rorty v. Quicken Loans, Inc., et al.*, Case No. YC065313, in the Superior Court of California, County of Los Angeles, Southwest District (the "Complaint").  Neither Defendant Quicken Loans nor its agent for service of process were ever served with the Summons or Complaint.

    2.    On November 28, 2011, Plaintiff filed a First Amended Complaint in the above referenced case (the "FAC").

    3.    On December 28, 2011, Plaintiff filed a proof of service as to Defendant Debt Defense Services, LLC ("Debt Defense Services").  According to the proof of service, on December 14, 2011, Plaintiff's process server allegedly effected service of the Summons and the FAC on Defendant Debt Defenses Services by means of personal service to Debt Defense Services' registered agent.

    4.    On January 5, 2011, Plaintiff filed a proof of service as to Defendant Quicken Loans.  According to the proof of service, on December 21, 2011, Plaintiff's process server effected service of the Summons and the FAC on

---

[1] Quicken Loans appears for the purpose of removal only and for no other purpose, and does not waive, and expressly preserves, all rights, claims and defenses of any nature whatsoever, including, without limitation, all defenses relating to service of process, jurisdiction, venue and arbitrability.

1  Defendant Quicken Loans through CT Corporation System.  Neither Defendant

2  Quicken Loans nor its agent for service of process received the Summons or the

3  FAC earlier than December 21, 2011.

4          5.     On January 5, 2011, Plaintiff filed a proof of service as to

5  Defendant Go Apply, LLC ("Go Apply").  According to the proof of service, on

6  December 21, 2011, Plaintiff's process server allegedly effected service of the

7  Summons and the FAC on Defendant Go Apply through CT Corporation System.

8          6.     In the FAC, Plaintiff brings claims against defendants for

9  alleged unlawful telemarketing calls pursuant to the Telephone Consumer

10  Protection Act of 1991, 47 U.S.C. § 227 ("TCPA").  FAC ¶¶ 27-42.  Plaintiff also

11  brings claims for alleged unlawful recording of calls pursuant to California Penal

12  Code §§ 632 and 632.7, and for Invasion of Privacy, alleging both unlawful

13  telemarketing and unlawful recording of calls.  *Id.*  ¶¶ 14-26.

14          7.     Defendant Quicken Loans' time to respond to the Summons

15  and the FAC by answer, demurrer, or motion has not expired and Defendant

16  Quickens Loans has not served or filed an answer or motion or otherwise appeared

17  in response to the FAC.

18  **GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISIDCTION**

19          8.     The state court Action is properly removable to the United

20  States District Court for the Central District of California, Western Division[2]

21  pursuant to 28 U.S.C. § 1441(a) because the district court had "original

22  jurisdiction" over the matter, and all other procedural requirements have been met.

23  This Court has original jurisdiction because this is a civil action brought by

24  Plaintiff in a State Court over which the district courts of the United States have

25  original jurisdiction.  Specifically, this Court has jurisdiction pursuant to 28 U.S.C.

26  

27  [2] Quicken Loans does not waive its right to object to venue as improper.

28  

A/74714205

3

§ 1331 on the ground that Plaintiff's Fourth Claim for Relief arises under the laws of the United States in that it alleges violations of 47 U.S.C. § 227. *See Mims v. Arrow Fin. Services, LLC*, No. 10-1195, slip op. at 7-9 (U.S. Jan. 18, 2012) (holding that claims brought under 47 U.S.C. § 227 arise under the laws of the United States and that federal courts have federal-question jurisdiction over such private TCPA suits); *see also i.d.* at 17, n.15 (noting that Congress did not make TCPA claims initiated in state court non-removable).

9.    In addition, the remaining state law claims arise from a common nucleus of operative facts and are so related that they form part of the same case or controversy, and therefore are within this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367(a). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (claims arise from the same case or controversy if they arise from "a common nucleus of operative facts").

## NON-WAIVER OF DEFENSES

10.    Quicken Loans expressly reserves all of its defenses. By removing this Action to this Court, Quicken Loans does not waive any rights or defenses available under federal or state law. Quicken Loans expressly reserves the right to move for dismissal of Plaintiff's FAC pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

11.    Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct copies of all process, pleadings, and orders which have been received by Defendant Quicken Loans in this Action.

12.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of service on Defendant Quicken Loans of the pleading and process upon which this Action is based, and is therefore timely. *See also Destfino*

NOTICE OF REMOVEAL OF ACTION  YC065313

1  *v. Reiswig,* 630 F.3d 952, 956 (9th Cir. 2011) ("each defendant is entitled to thirty

2  days to exercise his removal rights after being served").

3       13.     Pursuant to 28 U.S.C. § 1446(d), Defendant Quicken Loans

4  will promptly provide written notice of the removal of this Action to Plaintiff and

5  to the Superior Court of California for the County of Los Angeles.

6       14.     Pursuant to Fed. R. Civ. P. 5(d), Defendant Quicken Loans

7  will file with this Court a Certificate of Service of the Notice of Removal.

8       15.     Defendants Quicken Loans and Debt Defense Services have

9  consented to the removal of this Action.  Defendant Go Apply has been notified of

10  Quicken Loans' intent to seek removal, but Quicken Loans has not yet received a

11  response[3].  At the time of this Notice, Plaintiff has not filed a Proof of Service for

12  defendants Leadpoint, Inc. or JSB Global Services.  On information and belief,

13  neither Leadpoint, Inc. or JSB Global Services have been served with the

14  Summons or the FAC.  *See Destfino,* 630 F.3d at 957 (codefendants not properly

15  served need not join in the removal).

16       WHEREFORE, Defendant Quicken Loans respectfully requests that the

17  Action be removed to this Court.

18  DATED:  January 20, 2012

19

20       Bingham McCutchen LLP

21

22  By: *James Snell C.L.*
23       James G. Snell
24       Attorneys for Defendant
         Quicken Loans, Inc.

25

26

27  _____

    [3] Quicken Loans reserves the right to amend or supplement its Notice of removal.

28

A/74714205                                    5

Exhibit A

 CT Corporation

**Service of Process Transmittal**
12/21/2011
CT Log Number 519683462

TO: George Popofski
Quicken Loans Inc.
1050 Woodward Ave.
Detroit, MI 48226

RE: **Process Served in California**

FOR: Quicken Loans Inc. (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bruce Rorty, Pltf. vs. Quicken Loans, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, First Amended Complaint, ADR Packets |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # YC065313 |
| **NATURE OF ACTION:** | Unlawful recording of telephone calls and Unlawful telemarketing calls |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/21/2011 at 16:53 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Bruce Rorty<br>1715 Via el Prado<br>Ste. 744<br>Redondo Beach, CA 90277<br>310-375-0776 |
| **REMARKS:** | Documents were checked and/or marked to indicate the intended recipient. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/21/2011, Expected Purge Date: 12/26/2011<br>Image SOP<br>Email Notification, George Popofski georgepopofski@quickenloans.com<br>Email Notification, Andy Lusk andrewlusk@quickenloans.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / LN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A, page 6

*12-21-2011*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**SUMMONS** on First Amended
*(CITACION JUDICIAL)* Complaint

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

QUICKEN LOANS, INC., a Michigan corporation; ... Additional Parties
Attachment form is attached .....

NOV 2 8 2011

John A. Clarke, Executive Officer/Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRUCE RORTY

L. Hicks, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* YC065313 |
|---|---|

Los Angeles Superior Court, SW District, 825 Maple Avenue, Torrance, California 90503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Bruce Rorty, 1715 Via el Prado, Suite 744, Redondo Beach, CA 90277 (310) 375-0776

DATE:
*(Fecha)* NOV 2 8 2011    JOHN A. CLARKE Clerk, by    L. Hicks    , Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)

   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit A, page 7

SUM-200(A)

| SHORT TITLE:<br>Bruce Rorty v. Quicken Loans, Inc., et al. | CASE NUMBER:<br>YC065313 |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

....GO APPLY LLC, a Nevada LLC; LEADPOINT, INC., a Delaware corporation, sued as Doe 27; JSB GLOBAL SERVICES, a business organization, form unknown, sued as Doe 28; DEBT DEFENSE SERVICES, LLC, a Maryland LLC, sued as Doe 51; and DOES 1 to 100,

Page 2 of 2

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Exhibit A, page 8

1  BRUCE RORTY,
  1715 Via El Prado, Suite 744
2  Redondo Beach, California 90277
  Telephone (310) 375-0776
3
  Plaintiff in pro per
4

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 2 8 2011

John A. Clarke, Executive Officer/Clerk

L. Hicks, Deputy

8  SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9  SOUTHWEST DISTRICT

11  BRUCE RORTY,                               CASE NO.  YC065313

12      Plaintiff,                        (Assigned for all Purposes to Hon. William
                                                    G. Willett, Judge, Dept. 11)
13  vs.
                                                 FIRST AMENDED COMPLAINT FOR:
14  QUICKEN LOANS, INC., a Michigan
  corporation; GO APPLY LLC, a Nevada      1.    UNLAWFUL RECORDINGS
15  LLC; LEADPOINT, INC.,  a Delaware         2.    UNLAWFUL RECORDINGS OF
  corporation, sued as Doe 27; JSB                CELLULAR TELEPHONE CALLS
16  GLOBAL SERVICES, a business               3.    INVASION OF PRIVACY
  organization, form unknown, sued as Doe   4.    UNLAWFUL TELEMARKETING
17  28;  DEBT DEFENSE SERVICES, LLC,
  a Maryland LLC, sued as Doe 51;  and
18  DOES 1 to 100,                            DEMAND FOR JURY TRIAL

19      Defendants.

23        COMES NOW, plaintiff Bruce Rorty, ("plaintiff" or "Rorty") and alleges against the

24  defendants, and each of them, the following:

25        1.      Plaintiff resides in Palos Verdes Estates, State of California, County of Los

26  Angeles, and is a residential and mobile telephone subscriber whose residential and cell phone

27  numbers were registered with the national Do-Not-Call Registry [DNC] maintained by the

28  Federal Trade Commission on December 14, 2004 and August 30, 2006, respectively.

SDOC2/44407

-1-

1     2.    Plaintiff is informed and believes and thereon alleges that at all material times

2 alleged, defendant QUICKEN LOANS, INC. ("Quicken") was a Michigan corporation,

3 maintaining its principal place of business in Livonia, Michigan, and doing business in California

4 by virtue of placing calls to California residents.

5     3.    Plaintiff is informed and believes and thereon alleges that at all material times

6 alleged, defendant GO APPLY LLC ("Go Apply") was a Nevada limited liability company, with

7 its headquarters in Irvine, CA, and doing business in California by virtue of placing calls to

8 California residents. Go Apply called plaintiff on August 6, 2007, and on other occasions before

9 and afterwards.  Christie Northcutt is or was employed by Quicken when she called plaintiff on

10 August 9 through 11, 2007.

11     4.    Plaintiff is informed and believes and thereon alleges that at all material times

12 alleged, defendant LEADPOINT, INC. was and is a Delaware corporation, headquartered in

13 Brentwood, CA, engaged in selling leads sometimes generated by other lead generators, such as

14 JSB GLOBAL SERVICES.  Plaintiff is informed and believes and thereon alleges that at all

15 material times alleged, defendant JSB GLOBAL SERVICES was and is a business organization,

16 form unknown, headquartered in New Delhi, Delhi, India and also utilizing an Inland Empire

17 "909" telephone number as its contact number, engaged in telemarketing and selling leads to

18 others, including LEADPOINT.  Plaintiff is informed and believes and thereon alleges that at all

19 material times alleged, defendant DEBT DEFENSE SERVICES, LLC, ("DDS") was and is a

20 Maryland LLC, headquartered in Timonium, Maryland, engaged in selling credit card relief

21 programs, and purchasing leads from JSB and others.

22     5.    Plaintiff is informed and believes and thereon alleges that at all material times

23 alleged, DOE defendants 1 through 25 were and are individuals working for Quicken, Go Apply,

24 Leadpoint, JSB, and DDS who have placed telephone calls to plaintiff.

25     6.    Plaintiff is informed and believes and thereon alleges that at all material times

26 alleged, DOE defendants 27 through 50 are individuals and entities selling mortgage leads

27 generated by Go Apply, Leadpoint, and JSB, and that DOE defendants 51 [DDS] to 100 are

28 mortgage brokers and other individuals and entities selling mortgage refinancings, loan

-2-

**FIRST AMENDED COMPLAINT**

1    modifications, reverse mortgages, and debt settlement programs. DOE defendant 26 is a person

2    or entity that sold a lead to Quicken by calling plaintiff on or after August 6, 2007.

3        7.      The true names and capacities whether individual, corporate, associate or

4    otherwise of Defendants DOES 1 to 50, and 52 to 100 are unknown to plaintiff at this time, who

5    therefore sues these defendants by such fictitious names. Plaintiff will seek leave of court to

6    amend this complaint to show their true names and capacities when they are ascertained.

7    Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant is

8    responsible in some manner for the occurrences alleged, and that plaintiff's injuries and damages

9    as alleged were proximately caused thereby. Each reference in this complaint to "defendant,"

10    "defendants," or a specifically named defendant refers also to all defendants sued under fictitious

11    names.

12        8.      Plaintiff is informed and believes, and thereon alleges, that at all times below

13    mentioned, each defendant was the agent, servant, employee, joint venturer, partner, and/or

14    representative of the remaining defendants; and in doing the things hereinafter mentioned, each

15    defendant was acting within that course, scope and authority as an agent, servant, employee, joint

16    venturer, partner, and/or representative, whether such capacity was actual or apparent, with the

17    knowledge and consent of each other defendant, and as authorized and/or ratified by each of the

18    remaining defendants.

19        9.      Plaintiff is informed and believes and therefore alleges that at all relevant times,

20    defendants Quicken and Go Apply acted pursuant to a common plan, and/or aided and abetted

21    the other defendants in the wrongful acts alleged in this complaint, such that each is jointly and

22    severally liable for all harm caused to plaintiff, including that defendants are jointly and severally

23    responsible and liable for the acts and occurrences set out below.

24        10.     Plaintiff is further informed and believes, and thereon alleges, that Quicken,

25    Northcutt, Go Apply, and DOES 1 to 100 were instrumental in making telephone calls to

26    plaintiff, for the purpose of selling mortgage re-fis and loan modifications, plus reverse

27    mortgages, and earning commissions, salary, yield spread premium kickbacks, option ARM

28    kickbacks, and other payments from lenders.

-3-

FIRST AMENDED COMPLAINT

1    11.    Whenever this complaint makes reference to any act of a defendant or defendants,

2  the allegations shall be deemed to mean the act of those defendants named in the particular cause

3  of action, and each of them, acting individually, jointly, or severally.

4                                    **JURISDICTION AND VENUE**

5    12.    This Court has jurisdiction in this matter pursuant to *Code of Civil Procedure*

6  section 410.10, because defendants, and each of them, engaged in violations of the Penal Code as

7  well as the privacy rights granted to California residents under California's Constitution.

8    13.    Venue is proper in this Court per Code of Civil Procedure §§ 395 and 395.5 in

9  that defendants, and each of them, by placing multiple telephone calls to a Southwest District

10  resident, conducted business within the Southwest District, specifically in Palos Verdes Estates,

11  California, defendants' obligations and liability arose in Los Angeles County, and defendants'

12  breaches occurred in Los Angeles County.

13

14                                    **FIRST CAUSE OF ACTION**

15    **ILLEGALLY RECORDING TELEPHONE CALLS - PENAL CODE §§ 632, 637.2**

16        **(Against Quicken Loans, Go Apply, LeadPoint, JSB, and DOES 1 to 100)**

17    14.    Plaintiff realleges all paragraphs set out above as alleged and incorporates those

18  allegations by reference as if fully set forth.

19    15.    On or about May 23, August 8, August 9, August 10, and August 11, 2007, as well

20  as other days in 2007, possibly 2008, possibly 2009, as well as in 2010 and 2011, plaintiff was

21  called by Quicken and its employees, who did not unilaterally inform plaintiff at the outset of the

22  call or during the call that they were recording the call, nor did they ask plaintiff for his

23  permission to record the call. Plaintiff believes Quicken first called him on or before May 23,

24  2007. Plaintiff is informed and believes and thereon alleges Quicken was recording the calls, and

25  that Northcutt surreptitiously recorded calls placed August 9, 10, and 11, 2007, and that Go

26  Apply recorded an August 6, 2007 call surreptitiously. Plaintiff did not learn that Quicken was

27  recording all its calls until about September 28, 2010, and could not find Internet references to

28  Quicken recording from 2007 to after September 28, 2010. Quicken last called plaintiff in

SDOC2/44407

―4―

FIRST AMENDED COMPLAINT

1  Spring 2011. JSB began calling plaintiff from "518-798-0238" on or about March 9, 2011 and

2  transferred a call to DDS.  According to a representative of Quicken, Leadpoint sold a lead to

3  Quicken that plaintiff later learned had been generated by JSB, and Leadpoint failed to do its due

4  diligence to ascertain that JSB was complying with all United States laws and regulations.

5  Plaintiff believes JSB made 6 or more calls on behalf of Leadpoint in connection with selling a

6  Quicken product.

7      16.    On or about August 8, 2007, plaintiff received an unsolicited telemarketing call on

8  his landline from "Dean" at Quicken, who did not unilaterally tell plaintiff he was recording the

9  call. At no time was plaintiff informed the call was being recorded, nor were there any audible

10  beeps.

11      17.    At all times plaintiff had a reasonably objective expectation of privacy, i.e., that

12  the calls were not being recorded or otherwise eavesdropped upon.

13      18.    As a proximate result of the unlawful activities of these defendants, and each of

14  them, per Penal Code § 637.2, plaintiff is entitled to recover $5,000.00 per recorded telephone

15  call.

16      19.    Per Penal Code §637.2, plaintiff is authorized to seek an injunction barring

17  defendants, and each of them, from surreptitiously recording telephone calls made to any

18  California resident without their knowledge or permission.  This injunction shall include all calls

19  made by all defendants and DOES 1 through 50, and 52 through 100.

20                    **SECOND CAUSE OF ACTION**

21  **ILLEGALLY RECORDING CELLULAR TELEPHONE CALLS-PENAL CODE §632.7**

22                      **(Against All Defendants)**

23      20.    Plaintiff realleges all paragraphs set out above alleged and incorporate these

24  allegations by reference as if fully set forth.

25      21.    Penal Code §632.7 provides for a $5,000 statutory penalty when a caller records a

26  cellular telephone communication without the call recipient's knowledge or permission.  Plaintiff

27  is informed and believes and thereon alleges that the defendants may have recorded cell phone

28  calls to plaintiff beginning in or about August 6, 2007, and that Go Apply or someone calling on

1  its behalf recorded the August 6, 2007 call to plaintiff's cell phone. Quicken and persons/entities
2  calling on its behalf surreptitiously recorded calls to the cell phone beginning August 6, 2007 and
3  continuing to the present. When plaintiff received calls to his cellular telephone from these
4  defendants, plaintiff was not told at the outset of the calls that the calls were being recorded and
5  plaintiff never gave permission to defendants to record the calls. Nor were there periodic audible
6  beeps. Plaintiff is informed and believes and thereon alleges that the defendants called his cell
7  phone at least once before September 28, 2010, and he did not know they were calling from or on
8  behalf of Quicken, Go Apply, and DOES 1 to 100, in that the callers often spoofed Caller ID,
9  blocked Caller ID, used fictitious business names, and refused to provide actual company names
10 and addresses. For every cell phone call that was recorded, plaintiff can recover $5,000 per call.
11 Quicken last called plaintiff in Spring 2011. JSB began calling plaintiff from "518-798-0238" on
12 or about March 9, 2011 and transferred a call to DDS on or about that time. JSB called plaintiff's
13 cell phone 12 times from that 518 number, and in April 2011 began calling from "589-657-
14 8555," which is a spoofed number. JSB called plaintiff's cell phone at least 46 times, advertises
15 on its website that it records all calls, and called on behalf of Quicken. JSB also called plaintiff's
16 landline in excess of 15 times. Presently plaintiff is uncertain just how many calls were placed by
17 Quicken, JSB, Leadpoint, and Go Apply to him.

18    22.    Per Penal Code §637.2, plaintiff is authorized to seek an injunction barring
19 defendants, and each of them, from surreptitiously recording telephone calls made to any
20 California resident without their knowledge or permission. This injunction shall include all calls
21 made by or on behalf of Quicken, Go Apply, and DOES 1 to 100.

22

23                          **THIRD CAUSE OF ACTION**
24                              **INVASION OF PRIVACY**
25                      **(Against All Defendants except Doe 51)**
26    23.    Plaintiff realleges all paragraphs above alleged and incorporates these
27 allegations by reference as if fully set forth.
28    24.    Plaintiff is informed and believes and thereon alleges that defendants willfully

FIRST AMENDED COMPLAINT

1    recorded seven or more telephone calls placed to him without his knowledge or permission. This

2    surreptitious recordation violates plaintiff's right to privacy as set out in the California

3    Constitution, Article I, Section 1.  Plaintiff also is entitled to the quiet enjoyment of his home by

4    virtue of registering with the Do Not Call list. The calls made by defendants seriously impacted

5    his peace and quiet, as well as time with his friends and his daughter. The calls were especially

6    unpleasant because they shattered plaintiff's peace and quiet, as he has phones located through

7    his home and must often run to get to a phone when it rings, and before the answering machine

8    kicks in. Unwanted calls from telemarketers hawking expensive, commission-ridden, kickback-

9    ridden re-fis, loan modifications, and reverse mortgages are made worse when the telemarketer

10   blatantly violates the Do-Not-Call statutes and regulations by failing to state their full name, as

11   well as the address and telephone number of the company they represent or are calling on behalf

12   of. The callers also get rude at times when asked for information they are legally obligated to

13   provide, and also hang up rather than provide "rank, file and serial number" information.

14   Dishonesty permeates their calls, for example using aliases other than Quicken and Go Apply.

15   Plaintiff also learned through personal experience and research that mortgage brokers routinely

16   fail to disclose kickbacks they receive from lenders in return for clobbering their clients, to whom

17   they owe the utmost in fiduciary duty, with yield spread premiums and excessive option

18   percentages, designed to secretively line their pockets. Thus receiving calls from mortgage

19   brokers who are not Up Front Mortgage Brokers [Up Front Mortgage Brokers disclose all fees at

20   the outset, do not take disclosed yield spread premiums unless it is in their client's best interests,

21   and typically work for a fixed fee negotiated at the beginning] is especially unpleasant given

22   plaintiff's experiences with mortgages. A ringing phone by a telemarketer blatantly violating the

23   TCPA and TSR shatters the peace and quiet and contemplative time plaintiff is entitled to enjoy.

24   When signing the DoNotCall law in or about 2003, former President George W. Bush said,

25   "Unwanted telemarketing calls are intrusive, they are annoying, and they're all too common.

26   When Americans are sitting down to dinner, or a parent is reading to his or her child, the last

27   thing they need is a call from a stranger with a sales pitch." The pace of modern life is such that

28   quiet restful periods are very important. As well, to have outside playtime with one's daughter

1  interrupted by a telemarketer knowingly violating the privacy laws is inexcusable.  The

2  telemarketers making the calls to persons on the DNC list show a blatant disrespect for their

3  privacy rights, and their failure to provide basic identification information is unlawful as well as

4  intolerable in a civilized society.  Shattering one's peace and quiet, contemplative time, playtime,

5  reading time, eating time, cooking time, or chores time to make a dishonest sales pitch is

6  unacceptable.

7      25.      Plaintiff is informed and believes and thereon alleges the defendants knew or

8  reasonably should have known that since July 14, 2006 it has been illegal for in-state and out-of-

9  state callers to record conversations with California residents, made to their California

10  residences, unless the call recipient either has knowledge the call is being recorded or gives his or

11  her express permission that the call may be recorded. JSB is believed to have called plaintiff in

12  excess of 72 times, and many later calls were simply to harass him, as he had repeatedly asked

13  not to be called again and also for them to mail a written do not policy, which never happened.

14  Worse, a JSB telemarketer left a voicemail message on the cell phone, referring to plaintiff as a

15  "Bhen Chhod,"  or "sister fucker" in Hindi. JSB was relentless in its harassment after being told

16  it had called numbers on the Do Not Call Registry.

17      26.      These actions by defendants, and each of them, were despicable, malicious,

18  unlawful, and oppressive, such that plaintiff is entitled to recover punitive damages from

19  defendants, and each of them, in an amount sufficient to punish all defendants and to deter

20  further unlawful conduct.

21              **FOURTH CAUSE OF ACTION**

22      **UNLAWFUL TELEMARKETING CALLS - 47 U.S.C. § 227**

23                  **(Against All Defendants)**

24      27.      Plaintiff realleges all paragraphs set out above as alleged and incorporates those

25  allegations by reference as if fully set forth.

26      28.      On or about May 23, 2007 and possibly earlier, and continuing off and on into

27  2011, plaintiff was called by Quicken's, Leadpoint's, and Go Apply's often foreign-based

28  telemarketers, although plaintiff's landline has been registered with the FTC DoNotCall [also

SDOC2/44407                                -8-

                        FIRST AMENDED COMPLAINT

1   "DNC"] List since December 14, 2004, and his cell phone number since August 30, 2006.

2   Defendants were selling re-fis, and plaintiff does not have and never has had an established

3   business relationship with Quicken, Go Apply, JSB, Leadpoint, DDS, and Does 1 to 100.

4          29.     Plaintiff is further informed and believes and thereon alleges all defendants are in

5   violation of 47 C.F.R. §64.1200(d) (2) in that Does 1 to 100 were telemarketing personnel not

6   properly trained and informed about the existence and use of the DNC list.

7          30. Plaintiff is informed and believes and thereon alleges that the defendants were in

8   violation of 47 C.F.R. §64.1200(d)(4) in that the telemarketers did not provide plaintiff with the

9   name of the individual caller, the name of the person or entity on whose behalf the call is being

10  made, and did not provide a telephone number or address at which the person or entity may be

11  contacted.

12         31.     Plaintiff is informed and believes and thereon alleges that all defendants are in

13  violation of 47 C.F.R. §64.1200(c)(2) in that they telemarketed plaintiff, who is a residential

14  telephone subscriber who has registered his telephone numbers on the National Do - Not - Call

15  Registry of persons who do not wish to receive telephone solicitations that is maintained by the

16  federal government.  Defendants further violated the telemarketing laws by placing calls to

17  plaintiff's cell phone, for which he is charged by T-Mobile.

18         37.     Plaintiff is informed and believes and thereon alleges that all defendants do not

19  maintain their own written do not call policy in compliance with 47 C.F.R. §64.1200(d ) (1 ) and

20  at times have refused to mail the policy, also a 47 C.F.R. §64.1200(d ) (1 ) violation.  Plaintiff

21  has never received a written DNC policy from any of the defendants in this action.

22         38.     Plaintiff is informed and believes and thereon alleges that all defendants do not

23  maintain their own do not call list in violation of 47 C.F.R. §64.1200(d) (3) and at times have not

24  placed plaintiff's phone number on a newly created list.

25         39.     Plaintiff is informed and believes and thereon alleges that all of the above -

26  mentioned violations of the Telephone Consumers Protection Act [TCPA], 47 U.S.C. §227, were

27  knowing and willful in that defendants knew they acted or failed to act in a manner that violated

28  the statute, and that the defendants consciously and deliberately committed or omitted an act that

SDOC2/44407

-9-

FIRST AMENDED COMPLAINT

Exhibit A, page 17

1  violated the statutes. Therefore, plaintiff will be entitled to an award of treble damages for each

2  discrete TCPA violation committed by defendants, and each of them.

3      40.     As a proximate result of the unlawful activities of these defendants, and each of

4  them, per 47 U.S.C. §227(c)(5)(B), plaintiff has a private right of action to recover actual

5  damages or $500 per violation, whichever is greater. Plaintiff will amend this complaint when

6  the actual number of violations is ascertained.

7      41.     Due to the knowing and willful misconduct by defendants, and each of them, the

8  court is authorized to award plaintiff up to three times the award amount available under

9  subparagraph (B) of 47 U.S.C. §227(c)(5).

10     42.     Per 47 U.S.C. §227 (c)(5)(A), plaintiff is authorized to seek an injunction barring

11 defendants, and each of them, from placing telephone calls to any California resident that violate

12 47 U.S.C. §227 and the applicable sections within 47 C.F.R. §64.1200.

13 **WHEREFORE**, plaintiff prays for judgment against defendants, and each of them, as follows:

14 **FOR THE FIRST CAUSE OF ACTION:**

15     1.      For statutory damages of $5,000 per recorded call, and as to JSB, at least $60,000

16 as to JSB;

17     2.      For a temporary restraining order, then a preliminary injunction, and later a final

18 injunction enjoining defendants and each of them from recording telephone calls placed by

19 defendants to California residents at their California residences, unless defendants give notice to

20 the California residents the calls are being recorded, or unless the defendants obtain a California

21 resident's express permission to record the call;

22     3.      For reasonable attorney's fees and litigation expenses per Code of Civil Procedure

23 §1021.5 in connection with retaining a private attorney to pursue an injunction;

24     4.      For all statutory penalties available under Penal Code §§ 632 and 637.2;

25 **FOR THE SECOND CAUSE OF ACTION:**

26 5.  For statutory damages of $5,000 per recorded call per Penal Code §637.2, and as to JSB, at

27 least $290,000 in statutory fines;

28     6.      For a temporary restraining order, then a preliminary injunction, and later a final

SDOC2/44407                            -10-

FIRST AMENDED COMPLAINT

1  injunction enjoining defendants and each of them from recording telephone calls placed by

2  defendants to California residents at their California residences, unless defendants give notice to

3  the California residents the calls are being recorded, or unless the defendants obtain a California

4  resident's express permission to record the call;

5     7. For reasonable attorney's fees and litigation expenses per Code of Civil Procedure

6  § 1021.5 in connection with retaining a private attorney to pursue an injunction;

7     8. For all statutory penalties available under Penal Code §§632 and 637.2;

8  **AS TO THE THIRD CAUSE OF ACTION:**

9  9. For an award of general damages, $20,000 from Quicken, $10,000 from Go Apply,

10  $10,000 from Leadpoint, $5000 from DDS, and $150,000 from JSB;

11     10. For an award of special damages;

12     11. For an award of exemplary damages per Civil Code §3294;

13  **FOR THE FOURTH CAUSE OF ACTION:**

14     12. For statutory damages of $500 for each separate violation of 47 U.S.C. §227 and

15       47 C.F.R. §64.1200;

16     13. For treble damages for each violation of 47 U.S.C. §227 and 47 C.F.R. §64.1200;

17     14. For a temporary restraining order, then a preliminary injunction, and later a final

18  injunction enjoining defendants and each of them from making telephone calls to California

19  residents whose telephone numbers are on the Federal DoNotCall List at their California

20  residences, unless the California residents have a preexisting business relationship with

21  defendants and each of them;

22     15. For all statutory penalties available under 47 U.S.C. §227 & 47 C.F.R. §64.1200;

23  **FOR ALL CAUSES OF ACTION:**

24     16. For costs of suit; and

25     17. For such other and further relief as the Court may deem just and proper.

26  DATED: November 28, 2011    BRUCE RORTY

27           By: _____

28           Bruce Rorty, Plaintiff in pro per

SLOC2/-4407

-11-

FIRST AMENDED COMPLAINT

Exhibit A, page 19

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)                                                                  Page 1 of 2
LASC Approved 10-03

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.866 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8667 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

Exhibit A, page 21

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖Los Angeles County Bar Association Litigation Section❖

❖ Los Angeles County Bar Association
Labor and Employment Law Section❖

❖Consumer Attorneys Association of Los Angeles❖

❖Southern California Defense Counsel❖

❖Association of Business Trial Lawyers❖

❖California Employment Lawyers Association❖

Exhibit A, page 22

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____   ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR PLAINTIFF)

Date: _____

_____   ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date: _____

_____   ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date: _____

_____   ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR DEFENDANT)

Date: _____

_____   ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR_____)

Date: _____

_____   ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR_____)

Date: _____

_____   ➤ _____
(TYPE OR PRINT NAME)            (ATTORNEY FOR_____)

Exhibit A, page 24

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| LACIV 036 (new)<br>LASC Approved 04/11 | **STIPULATION – DISCOVERY RESOLUTION** | Page 1 of 3 |
|---|---|---|

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)
(ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)
(ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)
(ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)
(ATTORNEY FOR _____)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)
(ATTORNEY FOR _____)

Date: _____

➤ _____
_____
(TYPE OR PRINT NAME)
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)                    **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11             (pursuant to the Discovery Resolution Stipulation of the parties)

1    <u>PROOF OF SERVICE BY PERSONAL DELIVERY</u>

2        I am over 18 years of age, and not a party to this action and employed in the

3    County of Los Angeles, California at 1511 W. Beverly Blvd., Los Angeles, CA

4    90026.

5        On <u>January 20, 2012</u>, I personally delivered a copy(ies) of the following

6    document(s):

7    **NOTICE OF REMOVAL OF ACTION PURSUANT TO**

8    **28 U.S.C. §§ 1331, 1441, & 1446**

9
10   By causing a true and correct copy of the above to be hand delivered in a sealed

11   envelope on opposing counsel at the following addressed as follows:

12   The name(s) and address(es) of the person(s) served as shown on the envelope(s)

13   is:

14
15   Bruce Rorty                                        Plaintiff
     1715 Via el Prado # 744
16   Redondo Beach, CA 90277

17
18       I declare that I am employed by the office of a member of the bar of this

19   court at whose direction the service was made and that this declaration was

20   executed on <u>January 20, 2012</u>.

21                           STEVEN TREC

22

23

24

25

26

27

28

A/74714205

**PROOF OF SERVICE**

I am over eighteen years of age, not a party in this action, and employed in Los Angeles County, California at 355 South Grand Avenue, Suite 4400, Los Angeles, California 90071-3106. I am readily familiar with the practice of this office for collection and processing of correspondence for mail/fax/hand delivery/next business day delivery, and they are deposited that same day in the ordinary course of business.

On January 20, 2012, I served the attached:

**NOTICE OF REMOVAL OF ACTION PURSUANT TO**
**28 U.S.C. §§ 1331, 1441, & 1446**

☐   (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐   (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Los Angeles, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☒   (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by <u>Federal Express</u> in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☐   (PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the person(s) at the address(es) set forth below.

☒   (Courtesy copy VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

Margaret Niver
Pillsbury
50 Fremont Street
San Francisco, CA 94105-2228

Charles "Scott" Solomon
2307 Furnace Road
Fallston, MD 21047

A/74714205

NOTICE OF REMOVEAL OF ACTION YC065313

1        I declare that I am employed in the office of a member of the bar of this

2    court at whose direction the service was made and that this declaration was

3    executed on January 20, 2012, at Los Angeles, California.

4

5    _____

6                          Patty Flores

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/74714205

NOTICE OF REMOVEAL OF ACTION  YC065313