LINK: 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Chris Silva for Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**       **(In Chambers)**

## ORDER RE: MOTION TO DISMISS

### I.
### INTRODUCTION & BACKGROUND

Plaintiff Bruce Rorty brings this action against Defendants Quicken Loans ("Quicken"), JSB Global Services, ("JSB"), LeadPoint, Inc. ("LeadPoint"), and Debt Defense Services, LLC ("DDS") in connection with numerous telemarketing calls allegedly placed to Plaintiff's residential and cellular phone lines from 2007 to the present, some or all of which have been recorded without Plaintiff's consent.  (Docket No. 16 [Second Amend. Compl. ("SAC")].)  Plaintiff asserts four causes of action: (1) violation of California Penal Code § 632 for recording calls to his land line telephone without his consent; (2) violation of California Penal Code § 632.7 for recording calls made to his cellular and cordless phones without his consent; (3) invasion of privacy in violation of the California Constitution; and (4) violation of the Telephone Consumers Protection Act ("TCPA"), 47 U.S.C. § 227, for making telemarketing solicitations to Plaintiff's numbers, which were listed on the national Do Not Call ("DNC") registry.  Plaintiff seeks compensatory and punitive damages, statutory penalties for each violation, and a permanent injunction.  Quicken now moves to dismiss all claims. (Docket No. 17.)  For the reasons set forth below, the motion to dismiss is **GRANTED in part**.  Plaintiff's first and second claims are **DISMISSED with leave to amend**.  Plaintiff's third claim is **DISMISSED with prejudice**.  The motion is **DENIED** as to Plaintiff's fourth claim.

Plaintiff, a California resident, alleges that his residential and cellular telephone numbers have been registered with the national DNC Registry maintained by the Federal Trade

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

Commission ("FTC") since December 14, 2004, and August 30, 2006, respectively.  (SAC ¶¶ 1, 30.)  Quicken, a Michigan corporation, called him on one or both lines, offering refinancing loans and other mortgage and debt resolution products, on or about May 23, August 8, 9, 10, and 11, and other days in 2007; "possibly" in 2008; "possibly" in 2009; on September 28, October 7, and other unspecified dates in 2010; and on June 9, 10, 11, and 13 and other unspecified dates in 2011.  Plaintiff specifies that the calls on August 9, 10, and 11, 2007, on September 28, 2010, and in June 2011, were to his residential line, and the call on October 7, 2010 was to his cell phone.  All calls were unsolicited by Plaintiff, and, indeed, during the first calls on May 23 and August 8, 2007, Plaintiff requested not to be called again.  (Id. ¶¶ 10, 14–16, 21, 26.)  The call on August 10, 2007, from Quicken employee Christie Northcutt, resulted in a voice message left on Plaintiff's answering machine.  (Id. ¶ 16.)  In late 2009 or early 2010, Plaintiff began using a cordless phone at home.  (Id. ¶ 21.)

　　　Plaintiff alleges that some or all of the calls from Quicken representatives were surreptitiously recorded, but he did not learn this until September 28, 2010, and "could not find Internet references to Quicken recording [calls] from August 2007 to September 28, 2010."  (Id. ¶¶ 14, 21.)  In various places in his complaint, Plaintiff alleges that Quicken recorded all calls to his residential and cellular phone; that Quicken "may have" recorded the cell phone calls; and that all Defendants "willfully recorded seven or more telephone calls placed to him without his knowledge or permission."  (Id. ¶¶ 14, 21, 24.)  The callers did not inform Plaintiff that the conversations were recorded, Plaintiff could hear no audible beeps, and he "came across nothing from August 2007 to September 2010 that would arouse his suspicions that Quicken Loans was recording its calls to him."  (Id. ¶¶ 16, 21.)  At some point, Plaintiff learned from a Quicken representative that JSB, an Indian corporation, had generated a lead to Plaintiff's numbers, and that Leadpoint, a Delaware corporation, had sold the lead to Quicken.  (Id. ¶ 15.)

　　　In addition, since March 9, 2011, employees of JSB have called Plaintiff on his cellular and home phones, offering Quicken products, in excess of seventy times, including one voicemail message referring to Plaintiff in a vulgar manner in Hindi.  At least 46 of these calls were to Plaintiff's cellular phone.  (Id. ¶¶ 15, 21, 25.)  One or more of these calls was transferred to DDS.  (Id. ¶ 15.)  JSB advertises on its web site that it records all calls.  (Id. ¶ 21.)  Many of the later calls were made simply to harass Plaintiff, after he requested not to be called again and informed JSB that his numbers were listed on the DNC Registry.  (Id. ¶ 25.)  On June 14, 2011, Plaintiff called Quicken four times demanding that the calls cease and seeking information as to the identities of the persons who had generated the "lead" to his contact information.  (Id. ¶ 21.)

　　　Plaintiff is unsure of exactly how many calls have been placed by each Defendant, because the callers often "spoofed" or blocked Caller ID, used fictitious business names, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

refused to provide actual company names and contact information. (Id. ¶¶ 21, 24, 32.) Indeed, Plaintiff believes that JSB's calls have continued to the present, using "spoofed" numbers. (Id. ¶ 30.) Some callers have acted rudely when Plaintiff asked for identifying information or hung up in order to avoid giving this information. (Id. ¶ 24.) Defendants have refused to provide Plaintiff with their written DNC policies. (Id. ¶¶ 31, 35.) Plaintiff has never had an established business relationship with Quicken, JSB, LeadPoint, or DDS. (Id. ¶ 30.) From 2007 to 2010, Plaintiff was providing care for a terminally ill friend and was also extensively involved with his daughter's sports activities. (Id. ¶ 14.) The calls "seriously impacted [Plaintiff's] peace and quiet, as well as time with his friends and his daughter" because he "has phones located throughout his home and must often run to get a phone when it rings, and before the answering machine kicks in." (Id. ¶ 24.)[1]

## II.
## DISCUSSION

### A. PLAINTIFF'S FAILURE TO TIMELY OPPOSE QUICKEN'S MOTION

Under this judicial district's Local Rules, Plaintiff's opposition to Defendant's motion to dismiss was due on Monday, May 14, 2012. See C.D. Cal. R. 7-9. Plaintiff did not oppose Defendant's previous motion to dismiss, and did not file the present opposition until May 17, 2012. The Court may treat Plaintiff's failure to file a timely opposition as consent to dismissal. See C.D. Cal. R. 7-12. The Court declines Quicken's invitation to do so here, because the Parties subsequently stipulated to extend Quicken's time to file its reply. (See Docket No. 28 [Reply] at 1–2; Docket No. 27.) However, Plaintiff is advised to take greater care in the future to comply with the deadlines set forth in the Local Rules or risk dismissal with prejudice.

### B. LEGAL STANDARD UNDER RULE 12(B)(6)

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint,

---

[1] Plaintiff alleges a number of additional facts in his opposition and in a declaration attached to his opposition. (See Docket No. 25.) On a motion to dismiss, the Court may consider only the pleadings, documents attached to the complaint, documents incorporated by reference into the complaint, and matters of judicial notice, or it must convert the motion into a Rule 56 motion for summary judgment and give the other party an opportunity to respond. See U.S. v. Ritchie, 342 F. 3d 903, 907–08 (9th Cir. 2003). The Court will not convert the motion here, and so does not consider the facts and evidence contained in Plaintiff's opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**C. APPLICATION**

    **1. CLAIMS UNDER CALIFORNIA'S INVASION OF PRIVACY ACT**

California Penal Code section 632 provides that

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records such confidential communication . . . shall be punished by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

> a fine . . . or imprisonment . . . .

Cal. Penal Code § 632.  California Penal Code section 632.7 provides:

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine . . . or by imprisonment . . . .

Cal. Penal Code § 632.7.  Under California Penal Code section 637.2, a person "injured" by a violation of these statutes may bring an action to recover the greater of $5,000 or three times the amount of actual damages and to enjoin further violations.  To bring an action, the plaintiff need not have suffered or be threatened with actual damages.  Cal. Penal Code § 637.2.

   The statute of limitations for claims is one year from the date the plaintiff discovered or should have discovered a surreptitious recording.  Cal. Code Civ. Proc. § 340(a); Montalti v. Catanzariti, 236 Cal. Rptr. 231, 233 (Ct. App. 1987).  Plaintiff filed this action on August 8, 2011, but states that he did not discover that Quicken was recording the calls until September 28, 2010.  The application of the discovery rule requires that Plaintiff specifically plead facts to show (1) the time and manner of discovery, and (2) the inability to have made earlier discovery despite reasonable diligence.  Quesada v. Banc of America Inv. Svs., Inc.  No. C–11–1703 EMC, 2012 WL 34228, at *1 (N.D. Cal. Jan. 6, 2012) (quoting Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914, 921 (Cal. 2005)).  Plaintiff has not met this standard here.  Although he alleges that he was not told that the calls were being recorded, could hear no audible "beeps" during the calls, and "came across nothing" before September 28, 2010, that would have aroused his suspicion, he does not allege how or why, on that date, he discovered that the calls were being recorded, nor does he allege facts supporting the conclusion that he could not have made this unspecified discovery earlier, despite his reasonable diligence.  As a result, as pled, Plaintiff's claims are barred as to calls received before August 8, 2010.  However, Plaintiff will be permitted leave to amend to allege facts supporting the application of the discovery rule.

   Quicken also argues that Plaintiff's Section 632 claim fails as to all calls because he has not alleged that they were "confidential communications."  (Mem. at 14.)  The Court agrees. "Penal Code section 632 protects only confidential communications, and 'a conversation is confidential under section 632 if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded.'"  Vera v. O'Keefe, 791 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

Supp. 2d 959, 963 n.1 (S.D. Cal. 2011) (original emphasis) (quoting Flanagan v. Flanagan, 27 Cal. 4th 766, 768 (2002)). Here, Plaintiff alleges that Quicken surreptitiously recorded calls in which it offered him mortgage and debt resolution products, such as refinancing loans and loan modifications. Plaintiff may have had a reasonable expectation of privacy in these conversations, see Kight v. CashCall, Inc., 133 Cal. Rptr. 3d 450, 462–64 (Ct. App. 2011) (borrower may have a reasonable expectation of privacy that conversations with lender are not being secretly recorded or overheard), but he has not alleged sufficient facts to permit the Court to so conclude. For example, Plaintiff does not allege that the conversations entailed or necessarily required discussion of his personal financial affairs, rather than simply consisting of non-personalized sales pitches regarding Quicken's available products. Compare Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 118 n.10 (2006) (California clients of Georgia financial institution had "strong privacy interest" in calls to brokers to discuss personal financial affairs) with Faulkner v. ADT Sec. Svs., Inc., No. C 11–00968 JSW, 2011 WL 1812744, at *1, 4 (N.D. Cal. May 12, 2011) (calls to home security service provider to dispute a charge were not "confidential communications").

Moreover, once Plaintiff learned on September 28, 2010, that Quicken recorded the phone calls, he no longer had a reasonable expectation of privacy in the calls and has no claim against Quicken under Section 632 for calls made after that date. See Kearney, 39 Cal. 4th at 127. Plaintiff alleges no calls received from Quicken between August 8, 2010, and September 28, 2010. Accordingly, Plaintiff's claim under Section 632 is **DISMISSED with leave to amend** to allege facts supporting a conclusion that the Quicken calls prior to August 8, 2010, involved "confidential communications," and that Plaintiff could not have discovered earlier that the calls were being recorded, despite his reasonable diligence.

Quicken argues that Plaintiffs' claim under Section 632.7 fails as a matter of law as to all calls because that statute applies only to non-parties that "intercept" or "receive" cellular communications between other parties. Quicken argues that the legislative history of the statute "confirms that the purpose of section 632.7 is to criminalize interception and recording by third parties of wireless telephone calls." (Mem. at 16 (original emphasis).) The Court is not persuaded. The statute prohibits intentional recording by "[e]very person who . . . intercepts or receives and intentionally records" a cellular communication. Cal. Penal Code § 632.7. Significantly, although the statute dates to 1992, Quicken has cited no court decisions adopting its view; indeed, courts have taken the opposite view. See, e.g., Flanagan, 27 Cal. 4th at 771 (stating in dicta that "Section 632.7, enacted in 1992, prohibits intentional intercepting or recording communications involving cellular telephones and cordless telephones. This prohibition applies to all communications, not just confidential communications." (emphasis added)); Zephyr v. Saxon Mortgage Svs., Inc., No. 2:11–cv–02224–MCE–CKD, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

2046814, at *1 (E.D. Cal. June 5, 2012) (Section 637.2 "prohibits the intentional recording of any communication without the consent of all parties where one of the parties is using a cellular or cordless telephone"); Potter v. Cannady, No. C–92–1076–DLJ, 1993 WL 121772, at *5 (N.D. Cal. Apr. 5, 1993) (Section 637.2 "prohibits the non-consensual recording of cordless conversations"). Moreover, the legislative history cited by Quicken is ambiguous at best. (See Docket No. 18 [Defendant's Req. Judicial Not. ("RJN")[2]], Exs. 5–8 (legislative history materials alternately stating that "it is imperative that persons be able to use [cellular telephones] with the confidence that their conversations are not being indiscriminately recorded by unknown, meddlesome third parties," and that the bill "prohibits persons from recording conversations transmitted between cellular and cordless telephones").) Accordingly, Quicken may be liable for recording cellular communications to which it was a party, if it did so without Plaintiff's consent. However, for the reasons discussed above, Plaintiff's claim may be time-barred as to any calls to his cell phone recorded prior to August 8, 2010.

The calls that are not time-barred were made by Quicken on October 7, 2010, and the more than 46 made by JSB in 2011. (See Compl. ¶¶ 15, 21.) Whether Quicken is potentially liable under Section 632.7 for the calls made by JSB cannot be determined on the basis of the allegations in the pending complaint. Although Plaintiff alleges that JSB's calls were made on behalf of Quicken and that the callers offered Quicken products for sale, the statute makes liable only the "person" actually intercepting or receiving the conversation or "assisting" in these actions, and provides for an award of statutory damages against "the person who committed the violation." Cal. Penal Code §§ 632.7, 637.2; see Warden v. Kahn, 160 Cal. Rptr. 471, 473, 478 (Ct. App. 1979) (statutory damages for violation of Section 632 could not be awarded against defendants to whom recordings were made available, but only against defendant who made the recordings). Whether Quicken engaged in conduct that constitutes "assisting" within the meaning of the statute has not been addressed. Thus, Plaintiff has alleged only one cell phone call by Quicken that the Court can say definitively is not time-barred. However, nowhere does he specifically allege that Quicken recorded this call without his consent. Indeed, Plaintiff alleges that he learned of the recordings on September 28, 2010. Accordingly, Plaintiff's Section 632.7 claim is **DISMISSED with leave to amend** to allege facts supporting a conclusion that the October 7, 2010 cell phone call was recorded without his consent; to identify which, if any, of the calls made prior to that date were made to his cell phone and recorded

---

[2] The Court takes judicial notice of Quicken's exhibits documenting the legislative history of the Act because they are publicly recorded documents. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (stating that "under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'") (quotation omitted); see also Brown v. Bank of America, N.A., No. CIV S–10–1758, 2011 WL 1253844, at *3 (E.D. Cal. Mar. 31, 2011).

Case 2:12-cv-00560-GAF-VBK   Document 33   Filed 07/03/12   Page 8 of 11   Page ID #:366

LINK: 17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

without his knowledge or consent; and to support the application of the discovery rule to his claim.

Quicken also contends that Plaintiff's claims under the Invasion of Privacy Act fail because he has not alleged any actual injury caused by its telemarketing calls. (Mem. at 15–16.) This contention is rejected. Section 637.2 expressly states that "[i]t is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages." Cal. Penal Code § 637.2(c). Moreover, the California Supreme Court has stated that a plaintiff suing for a civil award under this statute, as Rorty does here, need not prove actual injury. Ribas v. Clark, 38 Cal. 3d 355, 365 (1985).[3]

### 3. INVASION OF PRIVACY

Plaintiff's third claim is for invasion of privacy in violation of Article I, Section I of the California Constitution.[4] This provision states: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const. Art. I, § 1. Although California courts have held that this constitutional provision does create a private cause of action, see White v. Davis, 533 P.2d 222, 234–35 (Cal. 1975), they have limited the permissible remedy to injunctive relief. Clausing v. San Francisco Unified Sch. Dist., 271 Cal. Rptr. 72, 79 (Ct. App. 1990) ("The difficulty is that appellants are not simply seeking injunctive relief in this cause of action. They are seeking to establish that respondents have a mandatory, affirmative duty to protect and defend the right of privacy; they ask for damages as well as equitable relief."); see also Katzberg v. Regents of University of California, 58 P.3d 339, 347 n.13 (Cal. 2002) (declining to rule on damages, but noting that Article I, Section 1 almost certainly does not provide for them).

Plaintiff's third claim for invasion of privacy in violation of the California Constitution fails as a matter of law, because Plaintiff seeks only damages in connection with this claim. (See SAC at 13.) Accordingly, the claim is **DISMISSED with prejudice**.

---

[3] Because Plaintiff's complaint fails to state a claim for violations of California's Invasion of Privacy Act, the Court declines to reach Quicken's argument that the statute's provisions are unconstitutional under the Dormant Commerce Clause as applied to it.

[4] In their motion papers, the Parties exchange arguments as to whether Plaintiff's complaint states a claim for the common law tort of invasion of privacy. No such claim is asserted in the complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

### 4. VIOLATIONS OF THE TCPA

Plaintiff alleges that (1) Defendants violated 47 C.F.R. § 64.1200(c)(2) by telemarketing him while his numbers were listed on the DNC list; (2) Defendants violated 47 C.F.R. § 64.1200(d)(1) because they did not maintain a written do not call policy and refused to mail the policy; (3) Defendants violated 47 C.F.R. § 64.1200(d)(2) because their employees were not properly trained and informed about the DNC list; (4) Defendants violated 47 C.F.R. § 64.1200(d)(3) because they did not maintain their own do not call list and did not place Plaintiff's numbers on their list; and (5) Defendants violated 47 C.F.R. § 64.1200(d)(4), because their telemarketers did not provide Plaintiff with their names or the name of person or entity on whose behalf the call was being made and did not provide a telephone number or address at which the person or entities could be contacted. (SAC ¶¶ 31–33, 35.) The statute of limitations for TCPA violations is four years; Plaintiff's TCPA claim is thus timely as to all calls made after August 8, 2007. See Sznyter v. Malone, 66 Cal. Rptr. 3d 633, 644 (Ct. App. 2007).

The provisions invoked by Plaintiff, effective until July 11, 2012, are as follows:

> No person or entity shall initiate any telephone solicitation, as defined in paragraph (f)(12) of this section, to . . . A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2). A "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person," but does not include a call or message "[t]o any person with that person's prior express invitation or permission," or "[t]o any person with whom the caller has an established business relationship." 47 C.F.R. § 64.1200(f)(12). An exception to this regulation exists if the caller can demonstrate that the violation was the result of error, and that, as part of its routine business practice, it maintains written procedures to comply with the federal regulations, trains its personnel in these procedures, maintains a list of numbers that may not be called, and uses a version of the national DNC list that is no more than 31 days old. 47 C.F.R. § 64.1200(c)(2)(i).

In addition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

47 C.F.R. § 64.1200(d). "Telemarketing" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12–00560 GAF (VBKx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Bruce Rorty et al v. Quicken Loans Inc et al | | |

services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(10).

      Here, Plaintiff alleges that his home phone number has been registered with the national DNC list since December 14, 2004, and that his cell phone number has been registered since August 30, 2006, but that Quicken and JSB made numerous calls to these lines to solicit Plaintiff to purchase Quicken's mortgage and financial products beginning in May of 2007 and continuing to the present. Plaintiff states that he has never had an established business relationship with Quicken or JSB. He informed Quicken and JSB callers, during the initial calls, that he is registered on the DNC list and has requested that he not be called again, but the calls have persisted. At least some of the callers have refused to provide their names and contact information. (See SAC ¶¶ 1, 10, 14–16, 21, 24–26, 30–33, 35–36.) Accordingly, Plaintiff has adequately alleged TCPA violations against Quicken, and the motion to dismiss is **DENIED**.

### III.
### CONCLUSION

      For the foregoing reasons, the Court **DISMISSES** Plaintiff's first and second claims **with leave to amend** and **DISMISSES** the third claim **with prejudice**. The motion to dismiss the fourth claim is **DENIED**. Plaintiff may amend his complaint as to the first and second claims **no later than the close of business on Tuesday, July 24, 2012**. <u>**Failure to file an amended complaint by this deadline will be deemed consent to dismissal of the first and second claims with prejudice.**</u>

      **IT IS SO ORDERED.**